UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DALLAS SIMON,

                                                    Plaintiff,

                                                                                              DECISION AND ORDER

                                                                                              06-CV-6496L

                                v.

BENJAMIN AUGUSTINE,
LESTER WRIGHT,

                                                    Defendants.
_____

       Plaintiff, Dallas Simon, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate currently in the custody of the New York State Department of Correctional Services ("DOCS"), has sued two physicians, Benjamin Augustine and Lester Wright, alleging that they violated his rights under the Eighth Amendment to the United States Constitution by failing adequately to treat plaintiff's "jock itch" while plaintiff was incarcerated at Livingston Correctional Facility.

       Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, defendants' motion is granted.

# DISCUSSION

**I. Eighth Amendment Medical Claims: General Principles**

To show that an inmate's medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendant's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702).

The Supreme Court has explained that the "deliberate indifference" component includes both an objective and a subjective prong. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court must consider whether the deprivation was brought about by the defendant in wanton disregard of those rights. *Id.* To establish deliberate indifference, then, the plaintiff must prove that the defendant had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *Anderson v. Burge*, 539 F.Supp.2d 684, 687 (W.D.N.Y. 2008).

The Court in *Estelle* also cautioned that mere negligence is not actionable. A prisoner's complaint that a medical professional "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of negligence alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04.

## II. Application to this Case

Applying these principles to the case at bar, it is clear that defendants are entitled to judgment as a matter of law. Even applying the generous standards for construing *pro se* pleadings, and drawing all permissible inferences in plaintiff's favor, plaintiff cannot even demonstrate negligence or malpractice on defendants' part, much less the deliberate indifference–akin to criminal recklessness–that must be shown to establish an Eighth Amendment claim. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

The undisputed evidence in the record shows that plaintiff was treated for his complaints. His claims are based simply on his allegation that the treatment that was given to him was ineffective. He alleges that Dr. Augustine chose to follow the "easiest," rather than the best, treatment plan, and that Dr. Wright, the Chief Medical Officer of DOCS, failed to correct the problem when he learned of it through plaintiff's grievance.

All that this shows is that plaintiff was dissatisfied with, and disagreed with, the course of treatment that was prescribed here. There is no evidence upon which it could be found that defendants were deliberately indifferent to plaintiff's serious medical needs. Plaintiff's claims must therefore be dismissed. *See Chance*, 143 F.3d at 703 (inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation"); *Wright v. Conway*, 584 F.Supp.2d 604, 607 (W.D.N.Y. 2008) (granting medical defendants' motion for summary judgment where prisoner's "complaints demonstrate[d] no more than his personal dissatisfaction with the level of care that he received").

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #28) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 1, 2009.